United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN; JOINT BOARD OF TRUSTEES of the NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN; and GENE MASSEY as Trustee; NORTHERN CALIFORNIA GLAZIERS ARCHITECTURAL METAL AND GLASS WORKERS WELFARE PLAN; JOINT BOARD of the NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS WELFARE PLAN; and DOUGLAS CHRISTOPHER as Trustee; GLAZIERS INDIVIDUAL ACCOUNT RETIREMENT PLAN; JOINT BOARD OF TRUSTEES of the INDIVIDUAL ACCOUNT RETIREMENT PLAN; and JAMES GRAHAM as Trustee; NORTHERN CALIFORNIA DISTRICT COUNCIL 16 APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; JOINT BOARD OF TRUSTEES of the NORTHERN CALIFORNIA DISTRICT COUNCIL 16 APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; and ALFRED SKIP WELTZ as Trustee; I.U.P.A.T. UNION AND INDUSTRY NATIONAL PENSION FUND; JOINT BOARD OF TRUSTEES of the I.U.P.A.T. UNION AND INDUSTRY NATIONAL PENSION FUND; and JAMES WILLIAMS and RALPH TRALLO as co-Trustees; GLASS AND GLAZING INDUSTRY TRUST FUND; and ALFRED SKIP WELTZ as Trustee; DISTRICT COUNCIL NO. 16, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION 1621,<br><br>        Plaintiffs,<br><br>  v.<br><br>AB CLINE GLASS INC.,<br><br>        Defendant.<br>_____/ | No. C 05-1694 WHA<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT** |

**INTRODUCTION**

Plaintiffs have applied for entry of default judgment against defendant AB Cline Glass, Inc., which has never appeared in this ERISA action. Review of the *Eitel* factors favors entry of default judgment. Plaintiffs' application is thus **GRANTED** and defendant is **ORDERED TO PAY A TOTAL OF $65,857.25** to plaintiffs.

**STATEMENT**

On April 25, 2005, plaintiffs filed this ERISA action seeking enforcement of a collective bargaining agreement. Plaintiffs seek an award for unpaid benefit contributions for the months of October and November 2004, and May through July 2005, as well as liquidated damages and interest on delinquent contribution payments incurred thereon and on late contributions for the months of August 2002 through September 2004, December 2004 through April 2005, and continuing to the time of judgment. For their efforts, plaintiffs also seek attorney's fees and costs.

To support their claims for relief, plaintiffs allege the following facts. Defendant entered into a collective bargaining agreement with the Glaziers, Architectural Metal and Glass Workers Local Union No. 1621, which required that contributions be paid on behalf of covered employees to the funds named therein. The contract binds defendant to the terms and conditions of the agreements of each fund. Under the contract, defendant agrees to submit a monthly report of hours worked by its employees and to make regular contributions to the funds and plans thereon. Plaintiffs' funds rely on self-reporting by the employer. Under the terms of the agreement, failure to make payment by the 15th of the month in which the contribution is due results in liquidated damages, interest, attorney's fees and other expenses incurred in connection with the delinquency.

Defendant has failed to pay contributions due for October and November 2004, and May through July 2005. Defendant has also failed to pay contributions due in a timely manner for the months of August 2002 through September 2004, and December 2004 through April 2005. On April 25, 2005, plaintiffs filed the instant action. On April 27, defendant was served with the summons and complaint. Defendant did not serve plaintiffs with a responsive pleading

2

within twenty days as required by FRCP 12(a)(1)(A). The Clerk of the Court entered defendant's default on May 20. Thereafter, plaintiffs filed the instant motion for entry of default judgment on July 28, seeking an order requiring defendant to pay $52,004.69. On August 29, plaintiffs filed a supplemental declaration indicating the additional damages and attorney's fees incurred since the motion was filed (Stafford Supp. Decl.). Plaintiffs presently seek an order requiring defendant to pay $65,873.25.

## ANALYSIS

Under FRCP 55(b)(2), a party can apply to the court for entry of judgment by default. Whether to grant a motion for default judgment is within the discretion of the trial court. In the Ninth Circuit, a court is to consider the following factors in exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). For the reasons that follow, these factors favor entry of default judgment in this case.

### 1. MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.

After entry of default, the well-pleaded allegations in the complaint regarding liability are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiffs' substantive claims and the sufficiency of the complaint are thus considered in tandem. This order finds that the *Eitel* factors weigh in favor of entry of default judgment.

Plaintiffs here assert a claim for unpaid contributions under ERISA, 29 U.S.C. 1145. To recover, plaintiffs must show that: (1) the fund is a multi-employer plan as defined by 29 U.S.C. 1002(37), (2) defendant is an employer obligated to contribute to the plan under the terms of a collective bargaining agreement, and (3) defendant failed to contribute in accordance with the plan or agreement. In this case, plaintiffs allege facts to support each of the above elements.

Plaintiffs' fund is a multi-employer plan within the meaning of ERISA (Stafford Decl.

3

1    Exh. A). Defendant agreed in its written collective bargaining agreement with the union to
2    make monthly payments of trust fund contributions (*id.* at Exh. A-6, A-8). Thereafter,
3    defendant breached its contractual obligations by failing to pay such contributions for the
4    months of October and November 2004, and May through July 2005 (Luna Decl. Exh. A;
5    Stafford Supp. Decl.). Defendant also breached its contractual obligations by failing to pay
6    such contributions due in a timely manner for the months of August 2002 through September
7    2004, and December 2004 through April 2005 (*ibid.*).

### 2.   THE REMAINING *EITEL* FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. To deny plaintiffs' application would leave plaintiffs without a remedy. Moreover, defendant has refused to litigate this action here after being properly served with the complaint and summons. It is unlikely that the default was the result of excusable neglect. Although federal policy may favor a decision on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where defendants refuse to litigate.

### 3.   THE DETERMINATION OF DAMAGES.

Pursuant to 29 U.S.C. 1132(g), when judgment in favor of a plan is awarded in an action to enforce Section 1145, a court may award the plan unpaid contributions, liquidated damages and interest thereon, reasonable attorney's fees and costs, and any other legal or equitable relief the court deems appropriate.

Plaintiffs seek an order requiring defendant to pay $35,204.43 in unpaid contributions, $24,674.05 in liquidated damages and $1,198.27 in interest. Plaintiffs have submitted declarations with appended exhibits supporting the calculation of damages (Luna Decl. Exh. A, B, C; Stafford Decl. Exh. B-10). Plaintiffs compute post-litigation liquidated damages at 20% and pre-litigation damages at 10% (Luna Decl. Exh. A; Stafford Decl. Exh. A-6, B-10). Plaintiffs compute interest on unpaid contributions at the trustees' reasonably determined rate of 7% per annum from April 1, 2002 to October 31, 2002, 6% per annum from November 1, 2002 to December 31, 2004 and 5% thereafter in accordance with the Trust's policies (*ibid.*). This Court accepts plaintiffs' calculations of unpaid contributions, liquidated damages and

interest based on the record.

Plaintiffs also request an award of attorney's fees in the amount of $4,525.50 and costs of $271.00.  Plaintiffs' counsel has filed declarations describing the tasks performed in this action, the billing rate for such tasks and the costs incurred (Stafford Decl. ¶ 7; Stafford Supp. Decl. ¶ 6).  This request is not fully supported by the record because one declaration contains a minor calculation error.*  The correct attorney's fees award is $4,509.50.

### CONCLUSION

For good cause shown, this order **GRANTS** plaintiffs' entry of default judgment as to defendant AB Cline Glass, Inc., who shall:

1. Pay past contributions of $35,204.43;
2. Pay liquidated damages of $24,674.05;
3. Pay interest of $1198.27;
4. Pay attorney's fees in the amount of $4,509.50;
5. Pay costs in the amount of $271.00.

Judgment shall be entered accordingly for a total of $65,857.25.

**IT IS SO ORDERED.**

Dated: September 8, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

\* Paragraph 7 of the Stafford declaration indicates that Stafford has worked on the matter for 2.6 hours and bills at $160.00 per hour.  Thus, Stafford's statement that her total fees are $432.00 is incorrect. Her fees are $416.00.